UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TASHA FEY,

        Plaintiff,

v.

TCF FINANCIAL CORPORATION,
d/b/a Chemical Bank,

        Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

Carrie Trimpe (P82988)
KEILEN LAW PLC
141 E. Michigan Ave., Ste. 602
Kalamazoo, MI 49007-3943
(tel.) 269.382.4818
ctrimpe@keilenlaw.com

*Attorneys for Plaintiff*

# COMPLAINT

Plaintiff Tasha Fey alleges the following for her complaint against Defendant TCF Financial Corporation, doing business as Chemical Bank.

## NATURE OF THE CASE

1. This is an employment case based on a bank's retaliation and discrimination against Plaintiff Tasha Fey because she suffered from a disability (debilitating anxiety and depression) for which she took leave under the Family and Medical Leave Act.

2. Some bank employees were angry with Fey because she took FMLA leave to deal with her disability and, upon her return from leave, these employees discriminated against Fey and harassed her because of her disability.

3. Fey complained about the discrimination and harassment she endured but the bank did nothing to stop it.

4. These employees then sabotaged Fey's work because of her disability and because she took FMLA leave, and this ultimately lead to the termination of Fey's employment.

5. Because of the bank's retaliation, discrimination, and harassment, Fey has suffered damages that include, but are not limited to, lost wages and benefits, liquidated damages, emotional distress, attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Tasha Fey is an individual person who resides in Van Buren County, Michigan.

7. Defendant TCF Financial Corporation is a corporation organized under the laws of the State of Michigan. The corporation operates banking branches in Michigan and other states, including branches of Chemical Bank that TCF Financial Corporation describes as an operating division of the corporation.

8. The Court has personal jurisdiction over the bank under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

9. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the Americans with Disabilities Act and the Family and Medical Leave Act in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

10. The Court has supplemental jurisdiction over the state law claims asserted in the

complaint in accordance with Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

11.     Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

### GENERAL ALLEGATIONS

12.     Plaintiff Tasha Fey worked as the assistant vice president and banking center manager of Chemical Bank's midtown location in Kalamazoo, Michigan. Fey began her employment with Chemical Bank in January 2017 and the bank fired her on July 12, 2019. (TCF Financial Corporation merged with Chemical Bank in 2019 after the termination of Fey's employment.)

13.     Fey suffers from severe anxiety and depression.

14.     Fey could perform the essential functions of her job for the bank, with or without a reasonable accommodation, and she did so to the satisfaction of the bank at all times.

15.     Fey's anxiety and depression substantially limited (and still limits) her ability to, among other things, concentrate, think, communicate, interact with others, and work.

16.     The bank approved Fey for a leave of absence under the FMLA beginning in February 2019 to allow her to address her anxiety and depression.

17.     Fey returned to work from FMLA leave in May 2019.

18.     Certain bank employees were angry with Fey for taking FMLA leave and because she had to take time away from work to deal wit her disability.

19.     These employees were visibly upset with Fey and screamed and yelled at her, which aggravated and exacerbated her disability (anxiety and depression).

20.     Fey complained to banking managers and the bank's human resources representa-

tives about how other employees were harassing her and discriminating against her because she took FMLA leave and because of her disability (and she explained the nature of her disability to her manager).

21. The bank did nothing to stop the harassment and the discrimination the Fey encountered.

22. These employees then doubled down on their discriminatory and retaliatory animus toward her and they sabotaged Fey's employment and ultimately got her fired.

23. Fey filed a charge of discrimination against the bank with the United States Equal Employment Opportunity Commission and has otherwise satisfied all administrative prerequisites to filing her causes of action.

## COUNT 1
### RETALIATION IN VIOLATION OF THE
### FAMILY AND MEDICAL LEAVE ACT

24. Fey repeats and incorporates all the previous allegations in her complaint.

25. Fey was entitled to leave under the FMLA.

26. Fey engaged in activity protected by the FMLA by, among other things, taking leave.

27. The bank knew about Fey's protected activity.

28. The bank terminated Fey's employment after it learned of Fey's protected activity.

29. There was a causal connection between Fey's FMLA protected activity and the bank's decision to terminate her employment.

30. Fey suffered damages because of the bank's retaliation that include, but are not limited to, lost wages and benefits, liquidated damages, attorney's fees, and litigation costs.

## COUNT 2

### RETALIATION IN VIOLATION OF THE
### AMERICANS WITH DISABILITIES ACT

31. Fey repeats and incorporates all the previous allegations in her complaint

32. Fey has a disability within the meaning of the Americans with Disabilities Act. The bank also regarded Fey as having a disability and Fey had a history of having a disability.

33. Fey took a leave of absence from her job with the bank as a reasonable accommodation for her disability and sought additional reasonable accommodations from the bank.

34. The bank terminated Fey's employment.

35. The bank terminated Fey's employment because of her protected activity in seeking and taking a leave of absence as a reasonable accommodation for her disability.

36. The bank retaliated against Fey because of her protected activities and there was a causal connection between Fey's protected activities and the adverse employment actions the bank took against her.

37. Fey suffered damages because of the bank's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 3

### RETALIATION IN VIOLATION OF MICHIGAN'S
### PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

38. Fey repeats and incorporates all the previous allegations in her complaint.

39. Fey has a disability within the meaning of Michigan's Persons with Disabilities Civil Rights Act that was unrelated to her ability to perform the duties of her job for the bank. The bank also regarded Fey as having a disability and Fey had a history of having a disability.

40. Fey took a leave of absence from her job with the bank as a reasonable accommodation for her disability and sought additional reasonable accommodations.

41. The bank terminated Fey's employment.

42. The bank terminated Fey's employment because of her protected activity in seeking and taking a leave of absence as a reasonable accommodation for her disability.

43. The bank retaliated against Fey because of her protected activities and there was a causal connection between Fey's protected activities and the adverse employment actions the bank took against her.

44. Fey suffered damages because of the bank's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 4
### DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

45. Fey repeats and incorporates all the previous allegations in her complaint.

46. Fey has a disability within the meaning of the Americans with Disabilities Act. The bank also regarded Fey as having a disability and Fey had a history of having a disability.

47. Fey was a qualified individual able to perform the essential functions of the job she performed for the bank.

48. The bank terminated Fey's employment.

49. The bank terminated Fey's employment because of her disability, her history of a disability, and the fact that the bank regarded her as disabled.

50. Fey suffered damages because of the bank's discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 5
### DISABILITY DISCRIMINATION IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

51. Fey repeats and incorporates all the previous allegations in her complaint.

52. Fey has a disability within the meaning of Michigan's Persons with Disabilities

Civil Rights Act that was unrelated to her ability to perform the duties of her job for the bank. The bank also regarded Fey as having a disability and Fey had a history of having a disability.

53. The bank terminated Fey's employment.

54. Fey's disability, history of a disability, and the fact that the bank regarded her as disabled was one of the motives or reasons which made a difference in the bank's decision to terminate her employment.

55. Fey suffered damages because of the bank's discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 6
### HARASSMENT IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

56. Fey repeats and incorporates all the previous allegations in her complaint.

57. Fey has a disability within the meaning of the Americans with Disabilities Act. The bank also regarded Fey as having a disability and Fey had a history of having a disability.

58. Fey was a qualified individual able to perform the essential functions of the job she performed for the bank.

59. Fey was subjected to unwelcome harassment by the bank's employees.

60. The harassment Fey endured was based on her disability.

61. The harassment was sufficiently severe and pervasive to alter the terms, conditions, or privileges of Fey's employment.

62. The bank knew or should have known about the harassment and failed to take any remedial action to stop it.

63. Fey suffered damages because of the harassment that the bank failed to stop that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and

litigation costs.

## COUNT 7
### HARASSMENT IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

64. Fey repeats and incorporates all the previous allegations in her complaint.

65. Fey has a disability within the meaning of Michigan's Persons with Disabilities Civil Rights Act that was unrelated to her ability to perform the duties of her job for the bank. The bank also regarded Fey as having a disability and Fey had a history of having a disability.

66. Fey was subjected to unwelcome harassment by the bank's employees.

67. The harassment Fey endured was based on her disability.

68. The harassment was sufficiently severe and pervasive to alter the terms, conditions, or privileges of Fey's employment.

69. The bank knew or should have known about the harassment and failed to take any remedial action to stop it.

70. Fey suffered damages because of the harassment that the bank failed to stop that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

### JURY DEMAND

71. Fey demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

### RELIEF REQUESTED

72. Plaintiff Tasha Fey requests that the Court enter a judgment in her favor and against TCF Financial Corporation in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, liquidated damages, emotional distress, attorney's fees, litigation costs, and interest.

- 9 -

73.     Fey also requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

                                            TASHA FEY

Dated:  July 30, 2020                  By:   /s/  Mark S. Wilkinson

                                            Mark S. Wilkinson (P68765)
                                            PALADIN EMPLOYMENT LAW PLLC
                                            251 North Rose Street
                                            Suite 200, PMB № 288
                                            Kalamazoo, MI 49007-3860
                                            (tel.) 269.978.2474
                                            mark@paladinemploymentlaw.com

                                            Carrie Trimpe (P82988)
                                            KEILEN LAW PLC
                                            141 E. Michigan Ave., Ste. 602
                                            Kalamazoo, MI 49007-3943
                                            (tel.) 269.382.4818
                                            ctrimpe@keilenlaw.com

                                            *Attorneys for Plaintiff*